**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Jesus HERRERA–TORRES, Defendant–Appellant.**

**No. 09–50458.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Oct. 4, 2010.

Randy K. Jones, Esquire, Assistant U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kristi A. Hughes, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Jesus Herrera–Torres appeals from the 48–month sentence imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Herrera–Torres contends that his sentence is substantively unreasonable under

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

United States v. Amezcua–Vasquez, 567 F.3d 1050 (9th Cir.2009), in light of his mitigating personal circumstances and the age of the prior conviction that was the basis for a 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). The record reflects that the 48–month sentence is substantively reasonable in light of the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51–52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *cf. United States v. Amezcua–Vasquez*, 567 F.3d 1050, 1055–56 (9th Cir.2009).

Herrera–Torres also contends that *United States v. Medina–Villa*, 567 F.3d 507 (9th Cir.2008), that held that a conviction under California Penal Code section 288(a) constitutes "sexual abuse of a minor" and qualifies for the crime of violence sentence enhancement, should be overruled because it conflicts with *Estrada–Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir.2008) (en banc). This contention is foreclosed. *See Pelayo–Garcia v. Holder*, 589 F.3d 1010, 1013–14 (9th Cir.2009); *see also Robbins v. Carey*, 481 F.3d 1143, 1149 n. 3 (9th Cir.2007) (In the absence of intervening authority, a three-judge panel is without authority to overrule Circuit precedent.).

Last, as Herrera–Torres concedes, his contention that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), should be overruled is foreclosed. *See United States v. Grisel*, 488 F.3d 844, 846–47 (9th Cir. 2007) (en banc).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).